**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 09-06721 EAG |
| MICHAEL VAN BIBLE, | CHAPTER 7 |
| DEBTOR. | FILED & ENTERED ON 06/05/2012 |

**OPINION AND ORDER**

This proceeding is before the court on an objection to claim and motion for disallowance filed by debtor Michael Van Bible; the answer to the objection to claim and the motion for allowance filed by creditor Tennier Industries, Inc.; and the reply to Tennier's answer to objection and motion for allowance filed by Van Bible. (Docket Nos. 113, 119 & 121, respectively.)

Van Bible's primary ground for objecting to Tennier's proof of claim rests on the fact that the claim was filed after the claims bar date. For the reasons set forth below, the motion to disallow Tennier's claim 7-1 is denied.

**I.     PROCEDURAL BACKGROUND**

Van Bible filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the captioned case on August 17, 2009. (Docket No. 1.) On August 19, 2009, the court entered on docket the notice of the December 15, 2009 bar date for non-governmental creditors to file proofs of claim. (Docket No. 6.) The notice was served by first class mail on Tennier and the other creditors on August 21, 2009. (Docket No. 7.)

Tennier, through local counsel, made a formal notice of appearance in the case on September 16, 2009. (Docket No. 8.) On October 26, 2009, Tennier moved the court for the

admission *pro hac vice* of two stateside attorneys to represent it in the case. (Docket No. 21.) On November 5, 2009, Tennier and the debtor filed a stipulation to extend to February 15, 2010, the time for Tennier to file a section 523 complaint to except from discharge Van Bible's debts to Tennier. (Docket No. 22.) On February 12, 2010, Tennier filed its section 523 complaint against Van Bible. (Docket No. 28.)

On April 28, 2010, Tennier filed in the case its proof of claim in the amount of $2.5 million. (Claims Register No. 7-1.) The claim is based on a pending lawsuit filed by Tennier against Van Bible in the Circuit Court for Scott County, Tennessee. Van Bible filed an objection to Tennier's claim on December 13, 2011. (Docket No. 113.) The objection requests that the claim be disallowed, primarily on the grounds that it was filed after the December 15, 2009 bar date and that Tennier did not state the nature of the $2,500,000.00 claim or attach documentary evidence to support the claim. On January 26, 2012, Tennier opposed the objection to its claim. (Docket No. 119.) Tennier admits its claim was tardily filed, but argues that late filed claims are allowed in a subordinated rank in chapter 7 cases. Finally, Tennier argues, and Van Bible appears to concede in its reply, that the claim is adequately supported by the allegations of the complaint filed in the Circuit Court for Scott County, Tennessee.

On February 13, 2012, Van Bible filed a reply to Tennier's motion for allowance. (Docket No. 121.) Van Bible argues, among other things, that under chapter 7, only claims of creditors that did not have notice or actual knowledge of the case in time for timely filing of a proof of claim can share in the same manner as timely filed claims. He further argues that, in this case, allowance of Tennier's claim will not permit it to share in any surplus as the estate assets will be exhausted before distribution reaches a subordinated claim.

2

## II.    APPLICABLE LAW AND DISCUSSION

The main issue before this court is whether Tennier's late proof of claim should be disallowed in a chapter 7 bankruptcy proceeding when Tennier was admittedly notified and had knowledge of the case in time to submit its claim before the bar date but failed to do so, or, if in the alternative, the claim should be allowed as subordinate to timely filed claims. "Under section 726(a), tardily filed claims in chapter 7 cases are not disallowed, necessarily, for distribution purposes but, rather,  are generally subordinated to distributions on timely filed claims of the same priority."  4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 502.03[10][c] (16th ed. 2012).

Section 726 of the Bankruptcy Code provides the order in which the property of the estate in a chapter 7 case shall be distributed between claims.  First are priority claims specified, and in the order specified, in section 507.  11 U.S.C. § 726(a)(1).  Second are any unsecured claims timely filed under section 501(a), (b), or (c) or tardily filed under section 501(a), if the creditor that holds such a claim did not have notice or actual knowledge of the case in time for the timely filing of a proof of such a claim and proof of the claim is filed in time to permit payment.  11 U.S.C. § 726(a)(2). Third are any allowed unsecured claims tardily filed under section 501(a) other than those specified in section 726(a)(2)(C). 11 U.S.C. § 726(a)(3). "[T]he subordination penalty is applied here because the tardy filing is a result of the creditor's failure to act . . . ."  6 Collier on Bankruptcy at ¶ 726.02[3].

As Tennier had notice and actual knowledge of the proceedings, the third tier is applicable here.  Section 726(a)(3) plainly states that the estate shall be distributed in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a), other than those claims falling

within the second tier. But, in order for the property of the estate to be distributed under section 726(a)(3) in payment of a tardily filed unsecured claim, the claim must be an allowed claim.

Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. Section 502(b)(9) governs the allowance or disallowance of objected-to, tardily-filed claims: it excepts from disallowance those claims that are tardily filed as permitted under paragraphs (1), (2), or (3) of section 726(a). As such, section 502(b)(9) expressly provides for the allowance of Tennier's tardily filed claim as permitted by section 726(a)(3). See 4 Collier on Bankruptcy at ¶ 502.03[10][c] ("Section 502(b)(9) preserves the distribution on tardily filed claims provided for under subsections 726(a)(1), (2) and (3).").

The First Circuit followed this path to claim allowance, in a subordinate status, in the case of In re Perry:

> At a lower level of priority, the court is also authorized to allow payment to tardy creditors with notice. See 11 U.S.C. §§ 502(b)(9), 726(a)(3). While Sections 726(a)(2)(C) and (a)(3) do not guarantee payment of tardily filed claims, courts are authorized to allow payment of such claims. See, e.g., In re Bargdill, 238 B.R. 711, 719-20 (Bankr. N.D.Ohio 1999) (late proof of claim of creditor with notice and actual knowledge of the case in time to timely file a proof of claim would be allowed but subordinated to claims of other unsecured creditors); In re Mid-Miami Diagnostics, L.L.P., 195 B.R. 20, 22-23 (Bankr.S.D.N.Y.1996) (same).

In re Perry, 391 F.3d 282, 286 (1st Cir. 2004).

Van Bible also argues that the claim should be disallowed because, as a subordinated claim, there are not sufficient estate assets to pay it. This argument was rejected by the First Circuit in the Perry case. See, In re Perry, 391 F.3d at 286 ("[R]egardless of the estate's ability to have paid the claim from its own assets, we believe the bankruptcy court had authority to allow the claim . . . ."); see also, In re Outboard Marine Corporation, 386 F.3d 824, 829 (7th Cir. 2004) ("[T]hough it may

4

make no practical difference in the end [because estate assets may be exhausted by timely-filed claims], we reverse the bankruptcy court's decision to disallow the claim, and we hold that Travis Boats' untimely claim is subordinated to the timely-filed claims in accordance with 11 U.S.C. § 726(a)(3).").

The court rejects Van Bible's argument based on Bankruptcy Rules 3002(c) and 9006(b)(3). Bankruptcy Rule 3002(c) provides the time periods within which a proof of claim must be filed in a chapter 7, 12, or 13 case to be "timely filed." Bankruptcy Rule 9006(b)(3) provides that the court may enlarge those time periods "only to the extent and under the conditions stated in . . ." Bankruptcy Rule 3002(c). However, these two rules are not relevant here as Tennier is not disputing the fact that its proof of claim was not timely filed. See Matter of Waindel, 65 F. 3d 1307, 1309 (5th Cir. 1995) ("In order to read Rule 3002(a) consistently with Code §§ 501, 502 and 726, the bankruptcy rule must be viewed as providing a dividing line between timely and tardy claims, rather than a flat ban on the allowance of late-filed claims.").

The court also rejects Van Bible's objection based on the inadequate documentation of Tennier's claims. In Schedule F, Van Bible listed Tennier's claim in the amount of $2.5 million as disputed and based on a lawsuit filed by Tennier against Van Bible in Scott County, Tennessee. (Docket No. 1 at p. 26.) A copy of the complaint filed by Tennier against Van Bible in Scott County is attached as Exhibit Number 2 to Tennier's motion to lift stay. (Docket No. 60-3.) Tennier's amended complaint against Van Bible is attached as Exhibit Number 6 to its motion to lift stay. (Docket No. 60-7.) Attached as an Exhibit Number 1 to Tennier's answer to Van Bible's objection to its claim, is a breakdown of Tennier's wage claim damages against Van Bible. (Docket

No. 119-1.) These three exhibits provide adequate documentation of Tennier's claim against Van Bible.

Section 502(b) of the Bankruptcy Code provides that the court "shall determine the amount of . . . [a] claim in lawful currency of the United States . . ." as part of the claim allowance process. 11 U.S.C. § 502(b). However, Tennier's claim against Van Bible is unliquidated because it is based on a lawsuit in Scott County, Tennessee in which judgment has not yet been entered, and it is not "capable of ready computation" at this time. See In re Loya, 123 B.R. 338, 340 (B.A.P. 9th Cir. 1991). Under section 502(c) of the Code, the court is required to estimate "for purpose of allowance . . . any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c)(1). At this time there is no need to estimate Tennier's claim for the purpose of the timely administration of this case. The Claims Register shows five timely-filed, general unsecured claims which have not been objected to, total $494,637.61, and will have a higher priority than Tennier's claim in a distribution of estate assets. (Claims Register Nos. 1, 3, 4, 5 & 6). In the most recent Individual Estate Property Record and Report dated January 31, 2012, the chapter 7 trustee estimated the net value of estate assets (less liens, exemptions, and other costs) at $138,392.49. (Docket No. 120.) So as the case presently stands, estate assets will be exhausted before reaching Tennier's subordinated claim: making estimation of its claim unnecessary.

## III. CONCLUSION.

Based on foregoing, Van Bible's objection to Tennier's claim and his reply to Tennier's motion for allowance are hereby denied. (Docket Nos. 113 & 121, respectively.) Tennier's claim number 7-1 is allowed, but it is subject to Tennier prevailing in its lawsuit against Van Bible in Scott

Count, Tennessee and, in that event, it would be subordinated to timely-filed claims of the same priority.  At the present time, there is no need to estimate Tennier's subordinated and unliquidated claim because, as the case stands now, estate assets will be exhausted before distribution reaches Tennier's claim.

In San Juan, Puerto Rico, this 5th day of June, 2012.

Edward A. Godoy
U.S. Bankruptcy Judge